**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**KRISTA DANDRIDGE-BARNETT,**

    **Plaintiff,**

    **v.**

**STOCKPILE, INC.,** *et al.*,

    **Defendants.**

**Case Number 2:25-cv-1314**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Kimberly A. Jolson**

**OPINION AND ORDER**

This matter is before the Court on several of Plaintiff Krista Dandridge-Barnett's filings: Motion for Preliminary Injunction (ECF No. 5), Motion for Default Judgment (ECF No. 12), Application to Clerk for Entry of Default (ECF No. 13), Request for Clerk's Entry of Default (ECF No. 14), Amendment to Request for Clerk's Entry of Default (ECF Nos. 15, 16, 17), and Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 18).

For the reasons below, the Court **DENIES without prejudice** Plaintiff's Motion for Preliminary Injunction (ECF No. 5), Motion for Default Judgment (ECF No. 12), Application to Clerk for Entry of Default (ECF No. 13), Request for Clerk's Entry of Default (ECF No. 14), and Amendment to Request for Clerk's Entry of Default (ECF Nos. 15, 16, 17). The Court further **DENIES** Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (ECF No. 18.)

**BACKGROUND**

Plaintiff, proceeding *pro se*, filed this lawsuit in November 2025 against Stockpile, Inc., Stockpile Investments, Inc., and Does 1–50. (ECF No. 1.) Plaintiff initially requested that the United States Marshal Service ("USMS") serve Defendants (ECF No. 3), but the Court denied

that request without prejudice because Plaintiff had not shown that she attempted private service or that the circumstances demanded service by the USMS (ECF No. 4). Then, a summons form signed by the Clerk's office was filed on the docket as to Stockpile, Inc. and Stockpile Investments, Inc. (ECF No. 2.) Next, Plaintiff filed a document titled "Proof of Service," which appears to be a declaration by Pamela Gladie, who is over the age of 18 and not a party to this action. (ECF No. 7.) The "Proof of Service" document states that Ms. Gladie served the Complaint and Summons by mailing them via USPS priority mail to Stockpile, Inc. and Stockpile Investments, Inc. at 330 N Brand Boulevard Glendale, California 91203. (*Id.*)

Shortly after initiating this action, Plaintiff filed a Motion for Preliminary Injunction. (ECF No. 5.) Plaintiff also filed a Motion for Leave to Conduct Limited Discovery "for the purpose of identifying defendants currently designated as John Does 1 through 50 in the complaint" (ECF No. 6), which the Court denied without prejudice because Plaintiff did not show good cause to conduct expedited discovery (ECF No. 8).

Between December 2025 and February 2026, Plaintiff submitted several requests for default judgment. (ECF Nos. 12, 13, 14, 15, 16, 17.) Plaintiff filed a Motion for Default Judgment (ECF No. 12), an Application to Clerk for Entry of Default (ECF No. 13), a Request for Clerk's Entry of Default (ECF No. 14), and an Amendment to Request for Clerk's Entry of Default (ECF Nos. 15, 16, 17). Plaintiff requests an entry of default and a default judgment because the Complaint and Summons were mailed to Defendants by an adult non-party via USPS, but Defendants have not filed an answer, motion, or other responsive pleading, and have not appeared or defended in this action. (ECF No. 12, PageID 147–48.)

2

Finally, Plaintiff recently filed a Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion," ECF No. 18), as well as a Notice of Inquiry regarding the status of her default requests (ECF No. 19).

## ANALYSIS

### I. Plaintiff has not properly served Defendants.

"In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). The plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington-Fayette Urb. Cnty. Gov't*, 18 F. App'x 285, 287 (6th Cir. 2001).

Plaintiff states that service has occurred because Ms. Gladie mailed the Complaint and Summons via USPS priority mail to Stockpile, Inc. and Stockpile Investments, Inc. at 330 N Brand Boulevard Glendale, California 91203. (*See, e.g.*, ECF No. 7; ECF No. 12, PageID 147.) The Federal Rules of Civil Procedure do not provide for service of process on corporations in this manner. *See* Fed. R. Civ. P. 4(e), (h); *Medarbor, LLC v. Ohio River Lab'y/IPath, LLC*, No. 2:18-cv-1249, 2018 WL 7858773, at *1 (S.D. Ohio Nov. 28, 2018) (Vascura, M.J.). Moreover, although Federal Rules of Civil Procedure 4(e) and (h) permit service by "following state law for serving a summons in an action brought in courts of general jurisdiction where the district court is located or where service is made," Plaintiff has not perfected service under Ohio or California law.

Ohio law requires certified or express mail service to be made by the clerk of court and not by a party. *See* Ohio Civ. R. 4.1; S.D. Ohio Civ. R. 4.2 (outlining the procedure for completing Ohio certified mail service in this Court); *Medarbor, LLC*, 2018 WL 7858773, at *1.

The docket does not reflect certified or express mailings made by the Clerk. If Plaintiff wishes to perfect service by certified or express mail under Ohio law, she must comply with the procedure set forth in Southern District of Ohio Local Rule 4.2.

And, under California law, mailing the summons and complaint to the defendant corporation, rather than a designated individual, is not valid service. *See, e.g.*, *Marley West v. Equifax*, No. CV 25-7445 FMO (MAAx), 2026 WL 413736, at *2 (C.D. Cal. Feb. 2, 2026). Instead, California law requires that service on a corporation be made to an individual person authorized to accept service of process. *Id.*; *see also* Cal. Civ. Proc. Code § 416.10 (listing individuals who may accept service of process for a corporation). Plaintiff's "Proof of Service" document indicates that Ms. Gladie mailed the Complaint and Summons to Stockpile, Inc. and Stockpile Investments, Inc., not to individuals designated to receive service for those corporations. (ECF No. 7.)

Defendants have not failed to plead or otherwise defend this case because Plaintiff has not yet served Defendants with proper service of process. *Copeland v. Kelly*, No. 1:22-cv-129, 2024 WL 1984799, at *2 (S.D. Ohio May 6, 2024) (Cole, J.) (explaining that "the Court is without the power to grant any relief to [the plaintiff] as against [the defendant]—entry of default, default judgment, or otherwise" because the defendant had not been properly served). Likewise, Plaintiff's request for a preliminary injunction is premature at this juncture. *Rudolph v. Harrison Metro. Hous. Auth.*, No. 2:25-cv-757, 2025 WL 2822766, at *3 (S.D. Ohio Oct. 3, 2025) (Marbley, J.) (noting that "preliminary injunctions cannot be issued without notice to the party sought to be enjoined"); *Easterling v. Rice*, No. CV 2:19-469-JMH, 2019 WL 1338712, at *1 (S.D. Ohio Mar. 25, 2019) (Hood, J.) ("Because none of the defendants had been properly

4

served with process, the Court lacks personal jurisdiction over them and cannot grant the injunctive relief [the plaintiff] seeks.").

Accordingly, the Court denies without prejudice Plaintiff's Motion for Preliminary Injunction (ECF No. 5), Motion for Default Judgment (ECF No. 12), Application to Clerk for Entry of Default (ECF No. 13), Request for Clerk's Entry of Default (ECF No. 14), and Amendment to Request for Clerk's Entry of Default (ECF Nos. 15, 16, 17). Plaintiff may refile these motions, applications, and requests if she properly serves Defendants.

Federal Rule of Civil Procedure 4(m) sets forth the time limit for effectuating service. It states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than 90 days have elapsed since Plaintiff filed the Complaint, and Defendants have not been served. Thus, the Court **ORDERS** Plaintiff to file a Notice **within 30 days** explaining why the Court should not dismiss Plaintiff's claims without prejudice and why the Court should allow an extension of time to effectuate service.

**II.     Plaintiff is not entitled to a temporary restraining order against Defendants.**

Plaintiff premises her recently-filed TRO Motion on the faulty assumption that Defendants are in default. For the reasons explained above, Plaintiff is incorrect because Defendants have not been properly served. She argues that "[s]imultaneous with their default . . . Defendants have publicly announced a 'winding down' of their financial services, effective April 17, 2026." (ECF No. 18, PageID 204.) She asserts that Defendants are "in the process of transferring all remaining assets and customer accounts to third-party entities." (*Id.*) She argues this will make Defendants judgment proof, which constitutes irreparable harm. (*Id.*)

As for her requested relief, Plaintiff asks the Court to (1) temporarily restrain Defendants from transferring, selling, or dissipating their corporate assets until the Court rules on her request for entry of default; (2) require Defendants to escrow funds to satisfy a potential judgment; (3) require that any entity that acquires Defendants have notice of this lawsuit; (4) waive the bond requirement under Federal Rule of Civil Procedure 65(c); and (5) hold an expedited hearing. (ECF No. 18, PageID 205.) Plaintiff supports her TRO Motion with (1) a "Certification of Efforts to Give Notice Pursuant to Fed. R. Civ. P. 65(b)(1)(A)"; (2) a screenshot of Defendants' webpage announcing account transitions that Plaintiff uses to support her assertion Defendants are winding down; and (3) an affidavit of facts supporting Plaintiff's TRO Motion. (*Id.* PageID 208–10.)

Plaintiff asks for a temporary restraining order under Federal Rule of Civil Procedure 65(b). (ECF No. 18, PageID 207.) Subsection (b) authorizes the Court to enter a temporary restraining order "without written or oral notice to the adverse party or its attorney only if":

> (A) specific facts in an affidavit . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). *Ex parte* requests under Rule 65 "should only be granted in the most stringent of circumstances since such requests run afoul to this country's history of jurisprudence requiring notice and opportunity to be heard." *Oviedo v. Rivera*, No. 1:22-cv-214, 2023 WL 2431819, at *4 (S.D. Ohio Mar. 9, 2023) (Black, J.) (citing *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974)); *see First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650 (6th Cir. 1993) ("The Rule 65(b) restrictions on the availability of *ex parte* temporary restraining orders reflect the fact that our

6

entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute."); *Slave Legacy, LLC v. Son of Slave*, No. 3:23-cv-152, 2023 WL 3919317, at *2 (S.D. Ohio June 9, 2023) (Rose, J.) (quoting *First Tech. Safety*, 11 F.3d at 650).

In determining whether to grant a temporary restraining order, this Court must consider four factors: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction." *City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014) (per curiam) (en banc); *see Workman v. Bredesen*, 486 F.3d 896, 904–05 (6th Cir. 2007) (applying these four preliminary injunction factors to the court's review of a temporary restraining order).

Plaintiff has not satisfied the prongs of Rule 65(b)(1). Beginning in reverse order, the reasons Plaintiff provides as to "why [notice] should not be required" are insufficient. She states that she mailed a copy of the TRO Motion to Defendants' "Registered Agent address on file with the Secretary of State." (ECF No. 18, PageID 208.) As explained above, Plaintiff has not properly served Defendants in this litigation that began in November 2025, and so insufficient justification exists to allow Plaintiff to use subsection (b)(1) of Rule 65.

Nor has Plaintiff shown that immediate and irreparable injury, loss, or damage will result to her before Defendants can be heard in opposition. *See* Fed. R. Civ. P. 65(b)(1)(B); *City of Pontiac Retired Emps. Ass'n*, 751 F.3d at 430. If Defendants had been properly served to date, no impediment would exist to them being heard. In addition, Plaintiff cites no caselaw to support her assertion that the transfer of Defendants' assets will make Defendants judgment proof. She

7

attaches a screenshot of Defendants' webpage announcing account transitions, but that screenshot is not connected to any declaration attesting that it is a true and correct copy. Plaintiff provides no other evidence to support her conclusion that if she was to succeed on the merits, she would be unable to recover. Without details about any corporate transaction, the Court has no way to confirm Plaintiff's assertion Defendants would become judgment proof. Title IV of the Federal Rules of Civil Procedure, entitled "Parties," includes Rules to allow parties and the Court to join and substitute parties as necessary.

Finally, the "probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer," *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Loc. 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006), but Plaintiff does not articulate why she has a strong likelihood of success on the merits.

A *pro se* litigant's filings are to be held to a less stringent standard. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even doing so, however, the Court concludes that Plaintiff has not met her burden of demonstrating that relief as extraordinary as an *ex parte* TRO is warranted.

## CONCLUSION

For the reasons above, the Court **DENIES without prejudice** (ECF No. 5) Plaintiff's Motion for Preliminary Injunction, **DENIES without prejudice** (ECF No. 12) Plaintiff's Motion for Default Judgment, **DENIES without prejudice** (ECF No. 13) Plaintiff's Application to Clerk for Entry of Default, **DENIES without prejudice** (ECF No. 14) Plaintiff's Request for Clerk's Entry of Default, and **DENIES without prejudice** (ECF Nos. 15, 16, 17) Plaintiff's Amendment to Request for Clerk's Entry of Default.

The Court further **DENIES** (ECF No. 18) Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.

The Court **ORDERS** Plaintiff to file a Notice **within 30 days** explaining why the Court should not dismiss Plaintiff's claims without prejudice and why the Court should allow an extension of time to effectuate service.

This case remains open.

**IT IS SO ORDERED.**

4/9/2026                              **s/Edmund A. Sargus, Jr.**
**DATE**                                        **EDMUND A. SARGUS, JR.**
                                                       **UNITED STATES DISTRICT JUDGE**